UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X     Docket No. 10 CIV 05840
ANDREW W. ALBSTEIN, individually, and on                                 RJH (RLE)
behalf of all others similarly situated,

                                      Plaintiff,

                -against-                                  ANSWER

SIX FLAGS ENTERTAINMENT CORPORATION
and LO-Q INC.,

                                    Defendants.
-------------------------------------------------------------------X

        Defendant SIX FLAGS ENTERTAINMENT CORPORATION, by its attorneys CLARK, GAGLIARDI & MILLER, P.C., answering the Complaint of the plaintiff herein, responds as follows:

### AS TO PARTIES

        1.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "1" of the Complaint.

        2.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "2" of the Complaint.

        3.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "3" of the Complaint.

        4.     Denies the allegations set forth in paragraph designated "4" of the Complaint, except admits that Six Flags Entertainment Corporation is a Delaware corporation..

        5.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "5" of the Complaint.

## AS TO FACTS

6. Denies the allegations as set forth in paragraph designated "6" of the Complaint.

7. Admits the allegations set forth in paragraph designated "7" of the Complaint.

8. Admits the allegations set forth in paragraph designated "8" of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "9" of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "10" of the Complaint.

11. Denies the allegations set forth in paragraph designated "11" of the Complaint, but admits that fees are charged for use of the Flash Pass.

12. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "12" of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "13" of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "14" of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "15" of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "16" of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "17" of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "18" of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "19" of the Complaint.

20. Denies knowledge or information as to the allegations set forth in paragraph designated "20" of the Complaint.

21. Denies knowledge or information as to the allegations set forth in paragraph designated "21" of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "22" of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "23" of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "24" of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "25" of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "26" of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "27" of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "28" of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "29" of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "30" of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "31" of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "32" of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "33" of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "34" of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "35" of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "36" of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "37" of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "38" of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "39" of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "40" of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "41" of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "42" of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "43" of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "44" of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "45" of the Complaint.

46. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "46" of the Complaint.

47. Denies the allegations set forth in paragraph designated "47" of the Complaint.

## AS TO THE FIRST CAUSE OF ACTION
(As against Six Flags – False Imprisonment)

48. As its response to paragraph designated "48" of the Complaint, defendant repeats and realleges its answers to paragraphs "1" through "47" of the Complaint, as if fully set forth herein.

49. Denies the allegations set forth in paragraph designated "49" of the Complaint.

50. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "50" of the Complaint.

51. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "51" of the Complaint.

52. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "52" of the Complaint.

53. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "53" of the Complaint.

54. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "54" of the Complaint.

55. The allegations set forth in the 55th paragraph of the Complaint assert legal conclusions to which no response is required, and the defendant therefore denies the allegations set forth in the paragraph designated "55" of the Complaint and refers all questions of law to this honorable Court.

56. Denies the allegations set forth in paragraph designated "56" of the Complaint.

## AS TO A SECOND CAUSE OF ACTION
(As against Six Flags – Assault)

57. As its response to paragraph designated "57" of the Complaint, defendant repeats and realleges its answers to paragraphs "1" through "56" of the Complaint, as if fully set forth herein.

58. Denies the allegations set forth in paragraph designated "58" of the Complaint.

59. Denies the allegations set forth in paragraph designated "59" of the Complaint.

60. Denies the allegations set forth in paragraph designated "60" of the Complaint.

61. Denies the allegations set forth in paragraph designated "61" of the Complaint.

62. The allegations set forth in the 62nd paragraph of the Complaint asset legal conclusions to which no response is required, and the defendant therefore denies the allegations set forth in the paragraph designated "62" of the Complaint and refers all questions of law to this honorable Court.

63. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "63" of the Complaint.

64. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "64" of the Complaint.

65. Denies the allegations set forth in paragraph designated "65" of the Complaint.

## AS TO THE THIRD CAUSE OF ACTION
(As against Six Flags – Intentional Infliction of Severe Emotional Distress)

66. As its response to paragraph designated "66" of the Complaint, defendant repeats and realleges its answers to paragraphs "1" through "65" of the Complaint, as if fully set forth herein.

67. Denies the allegations set forth in paragraph designated "67" of the Complaint.

68. Denies the allegations set forth in paragraph designated "68" of the Complaint.

69. Denies the allegations set forth in paragraph designated "69" of the Complaint.

70. Denies the allegations set forth in paragraph designated "70" of the Complaint.

71. Denies the allegations set forth in paragraph designated "71" of the Complaint.

72. Denies the allegations set forth in paragraph designated "72" of the Complaint.

73. Denies the allegations set forth in paragraph designated "73" of the Complaint.

74. Denies the allegations set forth in paragraph designated "74" of the Complaint.

75. Denies the allegations set forth in paragraph designated "75" of the Complaint.

### AS TO THE FOURTH CAUSE OF ACTION
(As against Lo-Q – Breach of Contract)

Defendant Six Flags Entertainment Corporation does not respond to the allegations in the 76th to 83rd paragraphs of the Fourth Cause of Action of the Complaint because the cause of action is not pleaded against Six Flags Entertainment Corporation.

### AS TO THE FIFTH CAUSE OF ACTION
(As against Lo-Q – False Imprisonment)

Defendant Six Flags Entertainment Corporation does not respond to the allegations in the 84th to 93rd paragraphs of the Fifth Cause of Action of the Complaint because the cause of action is not pleaded against Six Flags Entertainment Corporation.

### AS TO THE SIXTH CAUSE OF ACTION
(As against Lo-Q – Assault)

Defendant Six Flags Entertainment Corporation does not respond to the allegations in the 94th to 102nd paragraphs of the Sixth Cause of Action of the Complaint because the cause of action is not pleaded against Six Flags Entertainment Corporation.

### AS TO THE SEVENTH CAUSE OF ACTION
(As against Lo-Q – Intentional Infliction of Severe Emotional Distress)

Defendant Six Flags Entertainment Corporation does not respond to the allegations in the 103rd to 112th paragraphs of the Seventh Cause of Action of the Complaint because the cause of action is not pleaded against Six Flags Entertainment Corporation.

### AS TO THE EIGHTH CAUSE OF ACTION
(As against Six Flags and Lo-Q –
Violations of the New Jersey Consumer Fraud Act)

113. As its response to paragraph designated "113" of the Complaint, defendant repeats and realleges its answers to paragraphs "1" through "112" of the Complaint, as if fully set forth herein.

114. Denies the allegations set forth in paragraph designated "114" of the Complaint.

115. Denies the allegations set forth in paragraph designated "115" of the Complaint.

116. Denies the allegations set forth in paragraph designated "116" of the Complaint.

117. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "117" of the Complaint.

118. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "118" of the Complaint.

119. Denies the allegations set forth in paragraph designated "119" of the Complaint.

120. Denies the allegations set forth in paragraph designated "120" of the Complaint.

121. Denies the allegations set forth in paragraph designated "121" of the Complaint.

122. Denies the allegations set forth in paragraph designated "122" of the Complaint.

123. Denies the allegations set forth in paragraph designated "123" of the Complaint.

124. Denies the allegations set forth in paragraph designated "124" of the Complaint.

125. Denies the allegations set forth in paragraph designated "125" of the Complaint.

## AS TO CLASS ALLEGATIONS

126. Denies the allegations set forth in paragraph designated "126" of the Complaint, except admits that plaintiff seeks to bring a purported class action as described in the Complaint.

### As to Class Definition

127. Denies the allegations set forth in paragraph designated "127" of the Complaint, except admits that plaintiff seeks to bring a purported class action as described in the Complaint.

128. Denies the allegations set forth in paragraph designated "128" of the Complaint.

129. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "129" of the Complaint.

130. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "130" of the Complaint.

131. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "131" of the Complaint.

132. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "132" of the Complaint.

### As to Numerosity

133. Denies the allegations set forth in paragraph designated "133" of the Complaint.

134. Denies the allegations set forth in paragraph designated "134" of the Complaint.

135. Denies the allegations set forth in paragraph designated "135" of the Complaint.

### As to Adequacy of Representation

136. Denies the allegations set forth in paragraph designated "136" of the Complaint.

137. Denies the allegations set forth in paragraph designated "137" of the Complaint.

### As to Commonality

138. Denies the allegations set forth in paragraph designated "138" of the Complaint.

### As to Typicality

139. Denies the allegations set forth in paragraph designated "139" of the Complaint.

140. Denies the allegations set forth in paragraph designated "140" of the Complaint.

141. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "141" of the Complaint.

142. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "142" of the Complaint.

### As to Superiority

143. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "143" of the Complaint.

144. Denies the allegations set forth in paragraph designated "144" of the Complaint.

145. Denies the allegations set forth in paragraph designated "145" of the Complaint.

146. Denies the allegations set forth in paragraph designated "146" of the Complaint.

147. Denies the allegations set forth in paragraph designated "147" of the Complaint.

148. Denies the allegations set forth in paragraph designated "148" of the Complaint.

149. Denies the allegations set forth in paragraph designated "149" of the Complaint.

150. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph designated "150" of the Complaint.

## AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE DEFENDANT SIX FLAGS ENTERTAINMENT CORPORATION. RESPECTFULLY ALLEGES:

151. The Complaint fails to state a cause of action against this answering defendant.

## AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE DEFENDANT SIX FLAGS ENTERTAINMENT CORPORATION. RESPECTFULLY ALLEGES:

152. Plaintiff failed to take reasonable steps to prevent or mitigate its alleged injury and damages. In the event subsequent investigation of the facts and pretrial discovery does not support this defense, it will be withdrawn prior to trial.

## AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE DEFENDANT SIX FLAGS ENTERTAINMENT CORPORATION. RESPECTFULLY ALLEGES:

153. Defendant affirmatively pleads the provisions of New York CPLR section 4545 insofar as applicable, to reduce any recovery that may be awarded.

## AS AND FOR A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE DEFENDANT SIX FLAGS ENTERTAINMENT CORPORATION. RESPECTFULLY ALLEGES:

154. Any award of punitive damages in this case would violate defendant's rights under the New York State Constitution and the Fourth, Fifth, Sixth, Eighth, and Fourteenth

Amendments to the United States Constitution, and would be improper under the common law and the public policy of the State of New York.

### AS AND FOR A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE DEFENDANT SIX FLAGS ENTERTAINMENT CORPORATION. RESPECTFULLY ALLEGES:

155. Any award for punitive damages cannot be in excess of five times the liability of that defendant for compensatory damages or $350,000, whichever is greater, pursuant to New Jersey Statute 2A:15-5.14 .

### AS AND FOR A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE DEFENDANT SIX FLAGS ENTERTAINMENT CORPORATION. RESPECTFULLY ALLEGES:

156.     The plaintiff's injuries were not caused by any act or omission of this answering defendant.

### AS AND FOR A SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THE DEFENDANT SIX FLAGS ENTERTAINMENT CORPORATION. RESPECTFULLY ALLEGES:

157.    Not withstanding these answering defendants have denied liability herein, in the event that liability is found, and the liability of the defendants shall be sixty percent or less, then the liability of these answering defendants shall be limited pursuant to N.J.S.A. 2A:15-5.3.

The responding defendant hereby reserves the right to amend its Answer to plaintiff's Complaint to include such cross-claims as legally permissible under the Federal Rules of Civil Procedure.

WHEREFORE, SIX FLAGS ENTERTAINMENT CORPORATION, demands judgment dismissing the Complaint and disbursements.

Dated: White Plains, New York
August 9, 2010

CLARK, GAGLIARDI & MILLER, P.C.
Attorneys for Defendant
SIX FLAGS ENTERTAINMENT CORPORATION

By _____
John S. Rand
99 Court Street
White Plains, New York 10601
(914) 946-8900